1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FAUSTINO CANTERA,

Plaintiff,

v.

ANDREW SAUL,

Defendant.

Case No.   5:20-cv-05126-EJD

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

Re: ECF No. 25

Before the Court is a motion for attorney's fees ("Motion") pursuant to 42 U.S.C. § 406(b), by which Plaintiff's counsel Andrew Koenig seeks an award of $22,934.88 as a percentage of the past-due disability benefits owed to Plaintiff under Title II of the Social Security Act. Defendant, the acting Social Security Commissioner, has submitted a response but takes no position as to the reasonableness of the fee.

Having reviewed the moving papers, Plaintiff's counsel time entries, and Defendant's response, the Court GRANTS Plaintiff's Motion for Attorney's Fees.

I.      BACKGROUND

On July 27, 2020, Plaintiff filed a complaint seeking judicial review of the final denial of his application for disability benefits. ECF No. 1. On March 10, 2021, after Plaintiff filed a motion for summary judgment, the parties stipulated to a voluntary remand for further administrative action before an administrative law judge ("ALJ"). ECF No. 21. The parties further stipulated to awarding Plaintiff attorney fees under the Equal Access to Justice Act ("EAJA") amounting to $6,960.63 in fees and $400 for court costs. ECF No. 23.

Following remand, Plaintiff prevailed in the administrative proceedings and was awarded

1    past-due benefits by the ALJ, totaling $115,739.50.  Decl. Andrew T. Koenig ("Koenig Decl.") ¶

2    3; *see also* Koenig Decl., Attachment A ("SSA Notice"), at 3.  Plaintiff's counsel in both this

3    matter and in the administrative proceedings, Andrew Koenig, received $5,896 in fees for his

4    representation in the administrative proceedings.  Koenig Decl. ¶ 3.

5         Prior to filing the complaint in this action, Plaintiff had entered into a contingency fee

6    agreement with Plaintiff's counsel on July 24, 2020.  Koenig Decl., Attachment B.  Per the

7    agreement, Mr. Koenig was to receive 25% of the total lump-sum past-due benefits awarded to

8    Plaintiff.  *Id.*; *see also* Koenig Decl. ¶ 5.

9         The Commissioner submitted a response to Mr. Koenig's motion, analyzing the fee request

10   but taking no position as to the reasonableness of the award.  ECF No. 26.  The Commissioner

11   agrees that Mr. Koenig should refund or reimburse $6,960.63 to the Plaintiff as the total amount of

12   EAJA fees he had previously accepted.  *Id.* at 4.

13   **II.    LEGAL STANDARD**

14        Under the Social Security Act, an attorney who successfully represents a claimant before a

15   court may seek an award of attorneys' fees not to exceed 25% of any past-due benefits eventually

16   awarded.  42 U.S.C. § 406(b).  While contingency fee agreements are permissible in Social

17   Security cases, § 406(b) "calls for court review of such arrangements as an independent check, to

18   assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789,

19   807 (2002).  In deciding whether a fee agreement is reasonable, courts must consider "the

20   character of the representation and the results the representative achieved."  *Crawford v. Astrue*,

21   586 F.3d 1142, 1151 (9th Cir. 2009).  The court "first look[s] to the fee agreement and then

22   adjust[s] downward if the attorney provided substandard representation or delayed the case, or if

23   the requested fee would result in a windfall."  *Id.*  While a court may consider an attorney's

24   lodestar in deciding whether an award of fees under § 406(b) is reasonable, "a lodestar analysis

25   should be used only as an aid (and not a baseline) in assessing the reasonableness of the fee."

26   *Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir. 2016).

27        Where a claimant's attorney has been awarded fees under both the EAJA and § 406(b), the

28   Case No.: 5:20-cv-05126-EJD
     ORDER GRANTING MOTION FOR ATTORNEY'S FEES

United States District Court
Northern District of California

1  attorney must "refund to the claimant the amount of the smaller fee." *Crawford*, 586 F.3d at 1144

2  n.3 (quoting *Gisbrecht*, 535 U.S. at 796).

3  **III.     DISCUSSION**

4       Mr. Koenig requests $22,934.88 in fees under § 406(b), which was calculated by taking

5  25% of Plaintiff's past-due benefits of $115,739.50 ($28,934.88) and deducting the $6,000 already

6  paid to Mr. Koenig under § 406(a) for his representation in the administrative proceedings.  In

7  support of his Motion, Mr. Koenig submits a declaration indicating that he spent 34.9 hours in the

8  federal action, which includes drafting the complaint, reviewing the SSA administrative record,

9  and drafting the motion for summary judgment.  Koenig Decl. ¶ 7.  His regular hourly rate for

10  non-contingency matters is $375.00.  *Id.* ¶ 6.

11       The Court finds that Mr. Koenig's requested fees are reasonable for the services he has

12  rendered.  The requested fee is just under 20% of Plaintiff's past-due benefits, which is within the

13  25% statutory limit set by § 406(b).[1]  ECF No. 25-2.  Furthermore, nothing in the record or Mr.

14  Koenig's submitted time records suggests that his performance was substandard or that he

15  engaged in dilatory conduct to increase the amount of fees he would be awarded.  The Court also

16  notes that an award of $22,934.88 for 34.9 hours of work would yield an effective hourly rate of

17  $657.16 per hour, which is well within the range for effective hourly fees that courts in this district

18  have awarded under § 406(b).  *See, e.g.*, *S.L. v. Kijakazi*, No. 20-cv-04240-RS, 2023 WL 2352240,

19  at *2 (N.D. Cal. Mar. 3, 2023) (collecting cases that awarded fees with effective hourly rates

20  ranging from $874.72 to $1,213.83).  Mr. Koenig's requested amount, therefore, is a reasonable

21  fee for his representation.

22

23  [1] The Court notes that, although the contingency agreement obligates Mr. Koenig to credit the
$6,000 he already received under § 406(a) in calculating his request for § 406(b) fees, the statute
24  itself does not demand such a deduction.  The Ninth Circuit has held that the 25% limit in § 406(b)
only applies to attorney's fees awarded under § 406(b) and not the combined fees awarded under
25  both § 406(a) and § 406(b).  *Clark v. Astrue*, 529 F.3d 1211, 1218 (9th Cir. 2008) ("We hold that
the plain text of 42 U.S.C. § 406(b) limits only the amount of attorney's fees awarded under §
26  406(b), not the combined fees awarded under § 406(a) and § 406(b), to 25% of the claimant's past-
due benefits."); *Laboy*, 631 F. App'x at 469 ("Under *Clark*, the 25% cap in § 406(b) applies only
27  to fees for representation before the court.  Such fees are assessed independent of fees for work
before the agency.").

28  Case No.: 5:20-cv-05126-EJD
ORDER GRANTING MOTION FOR ATTORNEY'S FEES
3

United States District Court
Northern District of California

1

**IV.    CONCLUSION**

2        Based on the foregoing, the Court GRANTS Mr. Koenig's Motion for Attorney's Fees.

3   Mr. Koenig is awarded $22,934.88 pursuant to 42 U.S.C. § 406(b).  Upon receipt of this fee, Mr.

4   Koenig is ORDERED to refund to Plaintiff the fees he received under EAJA, in the amount of

5   $6,960.63.

6        **IT IS SO ORDERED.**

7   Dated: May 10, 2023

8

9

10                                                        EDWARD J. DAVILA
                                                          United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Case No.: 5:20-cv-05126-EJD
    ORDER GRANTING MOTION FOR ATTORNEY'S FEES
    4

United States District Court
Northern District of California